IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00379-MR
CRIMINAL CASE NO. 3:01-cr-00125-MR-1

| | |
|---|---|
| RICKY DONELL ABNER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.     BACKGROUND**

Petitioner pleaded guilty to possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). [Criminal Case No. 3:01-cr-00125-MR ("CR") Docs. 15, 17]. Petitioner was sentenced to a total of 75 months' imprisonment followed by three years of supervised release in a Judgment entered on May 21, 2002. [CR Doc. 29].

An arrest warrant was issued on July 6, 2009 for violations of Petitioner's supervised release. [CR Doc. 48]. Petitioner admitted violating supervised release and, in a Judgment entered on April 28, 2010, he was sentenced to 30 months' imprisonment followed by 12 months of supervised release. [CR Doc. 62]. Petitioner's supervision expired on October 24, 2012. [See Criminal Case No. 3:13-cr-00171-RJC, Doc. 16: PSR at ¶ 29].[1]

Petitioner filed the instant *pro se* Motion to Vacate his 2002 convictions pursuant to 28 U.S.C. § 2255 on July 19, 2021.[2]

## II. DISCUSSION

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" may move to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). The United States Supreme Court has interpreted the § 2255 "in custody" language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under

---

[1] In Criminal Case No. 3:13-cr-00171-RJC, Petitioner pleaded guilty to two counts of possession with intent to distribute cocaine base for which he was sentenced to 57 months' imprisonment and three years of supervised release. [Criminal Case No. 3:13-cr-00171-RJC, Doc. 18]. His sentence was subsequently reduced to 46 months' imprisonment. [Id., Doc. 23]. The Bureau of Prisons' website indicates that Petitioner was released on September 15, 2016. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (accessed on July 28, 2021). Thus, Petitioner's term of supervised release would have ended in approximately September 2019.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

2

attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (discussing the "in custody" requirement of 28 U.S.C. § 2254) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Once a prisoner's sentence has completely expired, he is not "in custody" notwithstanding any collateral consequences of the sentence, which "are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack on it." Maleng, 490 U.S. at 492. The "in custody" requirement is jurisdictional. Id. at 490.

Petitioner was sentenced to 30 months' imprisonment followed by 12 months of supervised release on April 28, 2010. [CR Doc. 62]. The sentence has completely expired, as he finished his term of supervision on October 24, 2012. Accordingly, it appears that Petitioner cannot satisfy the "in custody" requirement, and the Court lacks jurisdiction over this action. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS THEREFORE ORDERED** that the Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED** on the grounds that the Petitioner is no longer in custody.

**IT IS SO ORDERED**.

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge